## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DURACELL U.S. OPERATIONS, INC., a Delaware corporation; | ) ) ) | Case No: <u>18-cv-9478</u> |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SANSAR GLOBAL TRADING LLC, a New York limited liability company, | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) | |

## <u>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF</u>

Plaintiff Duracell U.S. Operations, Inc. ("Plaintiff" or "Duracell"), alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.       This is a Complaint for damages and injunctive relief arising from the misappropriation of Duracell's trademarks by Defendant Sansar Global Trading LLC ("Sansar or "Defendant") in connection with Sansar's unlawful and unauthorized advertisement, promotion, and sales of Duracell products.

2.       Duracell manufactures and distributes multiple types of alkaline batteries (such as AAA, AA, C, D, and 9V). Among these are batteries sold to United States retail consumers ("U.S. Retail Batteries") that feature various material consumer benefits, including a guarantee and warranty. U.S. Retail Batteries also have distinct packaging that provides important information about the guarantee and warranty, warning labels, contact information for Duracell's United States customer service department, and that is designed to ensure batteries will be safely shipped to retail consumers without damage.

3.      Duracell also manufactures batteries that are sold only to Original Equipment Manufacturers ("OEMs") ("OEM Batteries").      OEMs use the batteries as accessories accompanying or installed in electronic products that they manufacture.  OEM Batteries, which are labeled with the words "Original Equipment Accessory," "DURACELL® OEM," and/or "Not For Retail Sale," do not have the guarantee and warranty that accompany U.S. Retail Batteries and also lack the informational and protective packaging used for U.S. Retail Batteries. Accordingly, OEM Batteries are materially different from U.S. Retail Batteries.

4.      Duracell also separately manufactures batteries that are sold only to retail consumers in other countries ("Foreign Retail Batteries").  These batteries, like OEM Batteries, do not have the guarantee and warranty that accompany U.S. Retail Batteries, and any warranties or guarantees that accompany Foreign Retail Batteries when sold in foreign markets are inapplicable when Foreign Retail Batteries are sold in the United States.  Foreign Retail Batteries are also sold in packaging that uses Duracell's foreign trademarks (often including a depiction of a pink bunny (the "Duracell Bunny") or a brown bear (the "Duracell Bear")).  The Foreign Retail Batteries' packaging contains foreign language text not used in Duracell's United States packaging and lists contact information for foreign customer service call centers rather than United States call centers. Accordingly, Foreign Retail Batteries are also materially different from U.S. Retail Batteries.

5.      Sansar is engaged in a deceptive scheme in which it offers both OEM Batteries and Foreign Retail Batteries for sale and leads United States consumers to falsely believe that all Duracell batteries they purchase from Sansar come with all of the benefits that accompany U.S. Retail Batteries.   As a result of Sansar's actions, United States consumers are likely to be

confused and disappointed when they discover that the products they purchased do not have the benefits they have come to expect from the Duracell brand.

6.     Based on Sansar's unlawful actions, Duracell asserts claims for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114; false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); common law trademark infringement; trademark infringement in violation of NY CLS Art & Cult Affr § 33.09; and unfair and deceptive business practices in violation of NY GEN Bus. L. § 349.

## THE PARTIES

7.     Duracell is a Delaware corporation with its principal place of business located at 14 Research Drive, Bethel, Connecticut  06801.

8.     Sansar is a New York corporation with its principal place of business located at 401 Park Avenue South, Suite 10-044, New York, New York 10016.

## JURISDICTION

9.     This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 28 U.S.C. § 1367.  Duracell's federal claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a) and (c), and its claims arising under the laws of the State of New York are substantially related to its federal claims such that they form part of the same case or controversy.

10.     This Court has personal jurisdiction over Sansar because its principal place of business is in New York, it transacts business in New York, and this action arises out of its conduct in New York.

## VENUE

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims herein occurred within this judicial district.

## FACTS

### The Duracell® Trademarks

12.     Duracell, one of the world's largest producers of batteries for consumer electronics products, is the owner of numerous registered Duracell® trademarks.  For more than 50 years, Duracell has sold batteries to retail consumers marked with its famous DURACELL name and a copper-and-black color scheme that are covered by "incontestable" United States trademark registrations (collectively, as described in ¶¶ 13-18 below, the "Duracell® Marks").

13.     Duracell owns the federal trademark registration for the DURACELL word mark in International Classes 007, 009, 011, 012, and 015, as well as U.S. Class 021, which was issued by the USPTO on or about July 27, 1965 (U.S. Trademark Registration No. 793,273) and is attached hereto as Exhibit A.  This mark was first used in commerce on or around May 14, 1964.

14.     Duracell also owns the federal trademark registration for the highly distinctive and well-known "coppertop" design of the Duracell® battery.  Duracell owns this design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about May 18, 1976 (U.S. Trademark Registration No. 1,039,589) and is attached hereto as Exhibit B.  This mark was first used in commerce on or around September 1973.

15.     Duracell also owns the "coppertop" design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about December 30, 1980 (U.S.

Trademark Registration No. 1,144,787) and is attached hereto as Exhibit C.  This mark was first used in commerce on or around September 1973.

16.     Similarly, Duracell owns the federal trademark registration for the "coppertop" design mark in International Class 009 and U.S. Class 021, which was issued by the USPTO on or about May 5, 1981 (U.S. Trademark Registration No. 1,152,937) and is attached hereto as Exhibit D.  This mark was first used in commerce on or around September 1973.

17.     Duracell also owns the federal trademark registration for the DURACELL word mark in International Class 009 and U.S. Classes 021, 023, 026, 036, and 038, which was issued by the USPTO on or about April 18, 2006 (U.S. Trademark Registration No. 3,082,777) and is attached hereto as Exhibit E.  This mark was first used in commerce on or around February 15, 2004.

18.     Duracell also owns the federal trademark registration for the DURACELL word mark in International Class 009 and U.S. Classes 021, 023, 026, 036, and 038, which was issued by the USPTO on or about September 19, 2006 (U.S. Trademark Registration No. 3,144,722) and is attached hereto as Exhibit F.  This mark was first used in commerce on or around May 14, 1964.

19.     These Duracell® Marks have long held "incontestable" status and serve as conclusive evidence that purchasers rely on the registered Duracell word marks and copper-and-black color scheme as a way to identify the source of a battery product.

20.     Duracell actively uses and markets all of the Duracell® Marks in commerce.

21.     Due to the quality of Duracell's products, and because Duracell is recognized as the source of high quality products, the Duracell® Marks have significant value.

**Duracell's Products**

22.    Duracell is engaged in the manufacture, marketing, licensing, sale, and distribution of batteries worldwide.

23.    Duracell manufactures alkaline batteries in many common sizes, such as AAA, AA, C, D, and 9V.

24.    Duracell distributes U.S. Retail Batteries to authorized distributors and retailers that in turn resell U.S. Retail Batteries to United States consumers. Duracell also sells U.S. Retail Batteries directly to United States consumers. Duracell's AA, AAA, C and D size U.S. Retail Batteries are manufactured in Duracell's manufacturing facility in the United States.

25.    Duracell separately distributes Foreign Retail Batteries to authorized distributors and retailers that sell the Foreign Retail Batteries to consumers in other countries. Duracell also sells Foreign Retail Batteries directly to consumers in other countries. Foreign Retail Batteries are manufactured at a number of Duracell's foreign manufacturing plants.

26.    Duracell also distributes OEM Batteries through the Duracell OEM Program. Under the Duracell OEM Program, OEMs purchase OEM Batteries from Duracell for the sole purpose of inserting them into packaging or products manufactured by the OEMs.

27.    The majority of Duracell's OEM Batteries are manufactured outside the United States, with a substantial percentage of OEM Batteries manufactured in Duracell's manufacturing facility in China. These batteries are clearly labeled with the words "Original Equipment Accessory," "DURACELL® OEM," and/or "Not For Retail Sale," and are sold by Duracell only to OEMs. OEM Batteries are not authorized to be imported for purposes of direct consumer sales or sold directly to consumers in the United States and, therefore, do not have the same features and benefits as U.S. Retail Batteries.

28.     All of the batteries that Duracell authorizes for sale as stand-alone products to consumers in the United States are U.S. Retail Batteries.  Duracell does not sell or authorize the sale of OEM Batteries to Untied States consumers when the OEM Batteries are not included in or packaged with an OEM's battery-powered product.  Similarly, Duracell does not sell or authorize the sale of Foreign Retail Batteries to United States consumers.

**OEM Batteries and U.S. Retail Batteries Are Materially Different Products**

29.     If a customer were to purchase an OEM Battery under the mistaken belief that it was a U.S. Retail Battery with all of the benefits that accompany those products, that customer would have purchased a materially different product for several reasons, including, but not limited to, the reasons enumerated below.

30.     First, U.S. Retail Batteries come with Duracell's Battery Guarantee, which provides that Duracell will repair or replace any device that is damaged because of a defect in a U.S. Retail Battery that was placed in the device.  Duracell's Battery Guarantee, however, does not apply to OEM Batteries.

31.     U.S. Retail Batteries also come with Duracell's standard ten-year retail consumer warranty, but this warranty does not apply to OEM Batteries.

32.     Duracell places great importance on its retail customers receiving the best possible product experience and being fully apprised of the guarantees and/or warranties covering the batteries they purchase.  To this end, Duracell carefully designs and controls the packaging and labeling of U.S. Retail Batteries.  This packaging provides information in the English language about Duracell's Battery Guarantee, Duracell's standard ten-year retail consumer warranty, contact information for Duracell's United States customer service department, and label warnings.  The packaging for U.S. Retail Batteries is also carefully

designed, evaluated, and controlled to ensure that batteries will be safely shipped to retail consumers.

33.     OEM Batteries, however, are not packaged in this manner.

**Foreign Retail Batteries and U.S. Retail Batteries Are Materially Different Products**

34.     Like OEM Batteries, Foreign Retail Batteries are also materially different products from U.S. Retail Batteries for several reasons.

35.     First, Duracell's Battery Guarantee that applies to U.S. Retail Batteries does not apply to Foreign Retail Batteries sold in the United States.  Similarly, any guarantees that may accompany Foreign Retail Batteries do not apply if those batteries are sold in the United States.

36.     Second, Duracell's standard ten-year retail consumer warranty also does not apply to Foreign Retail Batteries sold in the United States.  Similarly, any warranties that accompany Foreign Retail Batteries do not apply if those batteries are sold in the United States.

37.     Third, the packaging for Foreign Retail Batteries, unlike the packaging for U.S. Retail Batteries, does not provide information about the guarantee and warranty that come with U.S. Retail Batteries.  The packaging also contains foreign language text not used in Duracell's United States packaging and lists contact information for foreign customer service call centers rather than United States call centers, which are not intended for United States consumers.

38.     The packaging for Foreign Retail Batteries also makes advertising claims (*e.g.*, "Up to 6X Longer Lasting Power") that are intended for countries that have a significant percentage of zinc carbon batteries in their consumer battery markets, which is not the case in the United States.  Duracell does not use these advertising claims in the United States.

39.     Additionally, many of Duracell's Foreign Retail Batteries are marketed and sold in packaging that bears an image of the Duracell Bunny or Duracell Bear in addition to the

Duracell® Marks.  Duracell does not use the Duracell Bunny or Duracell Bear on product packaging in the United States, but Duracell does use the Duracell Bunny on packaging in many territories outside of the United States.

### Sansar's Infringing Conduct

40.    Upon information and belief, Sansar has sold Foreign Retail Batteries and OEM Batteries to U.S. consumers and other entities, including, but not limited to, Price Master Corporation ("Price Master").

41.    Price Master is a New York corporation with its principal place of business located at 57-07 31st Ave., Woodside, New York 11377.

42.    Price Master identified Sansar as a supplier of these batteries in its deposition on September 7, 2018 in a separate litigation involving similar claims, titled *Duracell U.S. Operations, Inc. v. Chicago Import, Inc., Central Supply, Inc., CVS Sales Corp., Elegant Trading, Inc., Huaraz Corp., Price Master Corporation, Yasir Corp., and Zalmen Reiss and Associates Inc.*, N.D. Ill., No. 1:17-cv-07354.

### Sansar's Illegal Sale of Infringing Products

43.    Sansar, without authorization from Duracell, is unlawfully purchasing and selling OEM Batteries and Foreign Retail Batteries bearing the Duracell® Marks.

44.    The OEM Batteries sold by Sansar are materially different from U.S. Retail Batteries in a number of ways, including, but not limited to, the fact that they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, and they do not come in the safe and informational packaging used by Duracell for U.S. Retail Batteries.

45.     The Foreign Retail Batteries sold by Sansar are materially different from U.S. Retail Batteries because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, their packaging contains advertising claims and designs not applicable to the United States market, their packaging contains foreign language text not used in Duracell's United States packaging, and the Foreign Retail Batteries' packaging lacks contact information for Duracell's United States customer service department.

46.     As a result, by its unauthorized use of the Duracell® Marks, Sansar has misled consumers into believing they are purchasing products with the same quality controls and customer benefits as U.S. Retail Batteries.   In reality, however, customers are receiving unauthorized and diverted OEM Batteries and Foreign Retail Batteries that are not intended for retail sale in the United States, and which lack many of the material benefits customers associate with genuine U.S. Retail Batteries.

**Duracell Has Suffered Significant Harm**

47.     Duracell has suffered, and will continue to suffer, irreparable harm to the Duracell® Marks and its reputation and goodwill because of Sansar's actions.

48.     Sansar's unauthorized actions have caused, and are likely to further cause, confusion, mistake, and deception of Duracell's consumers, customers, and potential customers. Specifically, Sansar's use of the Duracell® Marks is likely to lead Duracell's customers and potential customers to mistakenly conclude that Sansar's sale of OEM Batteries and Foreign Retail Batteries originates from, or is authorized and/or approved by Duracell, and conclude that the OEM Batteries and Foreign Retail Batteries sold by Sansar are U.S. Retail Batteries, none of which is true.

49.     Sansar's conduct was knowing, intentional, willful, malicious, wanton, and contrary to law.

50.     Duracell is entitled to injunctive relief because Sansar will otherwise continue to infringe its trademarks and unlawfully pass OEM Batteries and Foreign Retail Batteries off as if they are genuine U.S. Retail Batteries.  Sansar's ongoing illegal conduct has caused and will continue to cause irreparable harm to the Duracell® Marks, to Duracell's reputation and goodwill, and to the business of Duracell and its distributors.

**FIRST CAUSE OF ACTION**
**Trademark Infringement**
**15 U.S.C. § 1114**

51.     Duracell re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

52.     Duracell is the owner of the Duracell® Marks.

53.     Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

54.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

55.     Sansar willfully and knowingly used, and continues to use, the Duracell® Marks in commerce for the purpose of advertising, promoting, and selling both OEM Batteries and Foreign Retail Batteries to United States consumers without the consent of Duracell.

56.     Sansar's knowing and willful use of the Duracell® Marks in connection with its unauthorized and misleading advertising, promotion, and sale of OEM Batteries and Foreign Retail Batteries to United States consumers is likely to cause confusion, cause mistake, or deceive because it suggests that the products Sansar is advertising and selling to United States consumers originate from, or are sponsored, authorized, or approved by Duracell to be sold to

United States consumers, and because it suggests that the OEM Batteries and Foreign Retail Batteries sold by Sansar are the same as U.S. Retail Batteries.

57.     The OEM Batteries and Foreign Retail Batteries sold by Sansar are not, in fact, the same as U.S. Retail Batteries.  The OEM Batteries sold by Sansar are materially different from U.S. Retail Batteries in a number of ways, including, but not limited to, the fact that they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, they do not come in the safe and informational packaging used by Duracell for U.S. Retail Batteries, and because they are labeled with the words "Original Equipment Accessory," "DURACELL® OEM," and/or "Not for Retail Sale."

58.     Similarly, the Foreign Retail Batteries sold by Sansar are materially different from U.S. Retail Batteries because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, their packaging contains advertising claims not applicable to the United States market, their packaging contains images of the Duracell Bunny or Duracell Bear that Duracell does not use in the United States, their packaging contains foreign language text not used in Duracell's United States packaging, and their packaging lacks contact information for Duracell's United States customer service department.

59.     Sansar's unlawful actions and unauthorized use of the Duracell® Marks has materially damaged the value of the Duracell® Marks, caused significant damage to Duracell's business relations, and infringed on the Duracell® Marks.

60.     As a proximate result of Sansar's actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

61.     Pursuant to 15 U.S.C. § 1116, Duracell is entitled to injunctive relief enjoining Sansar's infringing conduct.

62.     Pursuant to 15 U.S.C. § 1117(a), Duracell is entitled to enhanced damages and an award of attorneys' fees.

**SECOND CAUSE OF ACTION**
**False Advertising**
**15 U.S.C. § 1125(a)(1)(B)**

63.     Duracell re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

64.     Duracell is the owner of the Duracell® Marks.

65.     Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

66.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

67.     Sansar willfully and knowingly used, and continues to use, the Duracell® Marks in interstate commerce for purposes of advertising, promoting, and selling diverted OEM Batteries and diverted Foreign Retail Batteries to United States consumers without the consent of Duracell.

68.     Sansar's advertisements and promotions of its products unlawfully using the Duracell® Marks have been disseminated to the relevant purchasing public.

69.     Sansar's use of the Duracell® Marks in connection with the unauthorized advertising, promotion, and sale of OEM Batteries and Foreign Retail Batteries to United States consumers misrepresents the nature, characteristics, qualities, and origin of the products.

70.     Sansar's use of the Duracell® Marks in connection with the unauthorized advertising, promotion, and sale of OEM Batteries and Foreign Retail Batteries to United States

consumers is likely to cause confusion, cause mistake, or deceive because it suggests that the products sold by Sansar are U.S. Retail Batteries rather than OEM Batteries or Foreign Retail Batteries, and that the batteries sold by Sansar originate from, or are sponsored, authorized, or approved by Duracell to be sold to United States consumers.

71.     As a proximate result of Sansar's actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

72.     Pursuant to 15 U.S.C. § 1116, Duracell is entitled to injunctive relief enjoining Sansar's infringing conduct.

73.     Pursuant to 15 U.S.C. § 1117(a), Duracell is entitled to enhanced damages and an award of attorneys' fees.

### THIRD CAUSE OF ACTION
**Unfair Competition and False Designation of Origin**
**15 U.S.C. § 1125(a)(1)(A)**

74.     Duracell re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

75.     Duracell is the owner of the Duracell® Marks.

76.     Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

77.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

78.     Sansar has willfully and knowingly used the Duracell® Marks in interstate commerce for the purpose of selling unlawfully diverted OEM Batteries and Foreign Retail Batteries to United States consumers without the consent of Duracell.

79.     Sansar's use of the Duracell® Marks in connection with its unauthorized and misleading advertising, promotion, and sale of OEM Batteries and Foreign Retail Batteries to United States consumers is likely to cause confusion, cause mistake, or deceive because it suggests that the products Sansar has advertised and sold to United States consumers originate from, or are sponsored, authorized, or approved by Duracell to be sold to United States consumers – Sansar's representations are knowingly false.

80.     Sansar's unauthorized sale of products bearing the Duracell® Marks and its unauthorized use of the Duracell® Marks in advertising materially damages the value of the Duracell® Marks and causes significant damages to Duracell's business relations.

81.     Sansar's unauthorized sale of products bearing the Duracell® Marks and its unauthorized use of the Duracell® Marks in advertising infringes on the Duracell® Marks.

82.     As a proximate result of Sansar's actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

83.     Pursuant to 15 U.S.C. § 1116, Duracell is entitled to injunctive relief enjoining Sansar's infringing conduct.

84.     Pursuant to 15 U.S.C. § 1117(a), Duracell is entitled to enhanced damages and an award of attorneys' fees.

**FOURTH CAUSE OF ACTION**
**Trademark Dilution**
**15 U.S.C. § 1125(c)**

85.     Duracell re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

86.     Duracell is the owner of the Duracell® Marks.

87.     Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

88.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

89.     Duracell has expended substantial time, money, and resources advertising and promoting Duracell products with the DURACELL® Trademark.

90.     Duracell markets, advertises, and sells products using the DURACELL® trademark throughout the United States.

91.     The DURACELL® trademark is the means by which Duracell products are distinguished from others in the marketplace.

92.     The DURACELL® trademark is inherently distinctive, and as a result of Duracell's long, continuous, and exclusive use of the DURACELL® trademark, it has acquired a secondary meaning associated by purchasers and the public with Duracell products.

93.     For these reasons, the DURACELL® trademark has been famous, distinctive, and widely recognized by the consuming public and Duracell is widely recognized as the designated source of goods bearing the Duracell® Marks.

94.     Sansar's use of the Duracell® Marks began after the Duracell® Marks had become famous.

95.     Sansar's willful use of the Duracell® Marks in connection with the unauthorized and illegal sale of its products dilutes the Duracell® Marks in violation of 15 U.S.C. § 1125(c) because the products Sansar sells are not the same as U.S. Retail Batteries.

96.     As a result, Sansar's unauthorized and willful use of the DURACELL® trademark has tarnished and diluted the DURACELL® trademark.

97.     As a proximate result of Sansar's actions, Duracell has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

98.     Duracell is entitled to recover its damages caused by Sansar's infringement of the Duracell® Marks and disgorge Sansar's profits from its willfully infringing sales and unjust enrichment.

99.     Pursuant to 15 U.S.C. § 1116, Duracell is entitled to injunctive relief enjoining Sansar's infringing conduct.

100.     Pursuant to 15 U.S.C. § 1117(a), Duracell is entitled to enhanced damages and an award of attorneys' fees.

### FIFTH CAUSE OF ACTION
**New York State Common Law Trademark Infringement**

101.     Duracell re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

102.     This claim arises under the laws of the State of New York.

103.     Duracell is the owner of the Duracell® Marks.

104.     Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

105.     The Duracell® Marks are valid and subsisting trademarks in full force and effect.

106.     Sansar willfully and knowingly used, and continues to use, the Duracell® Marks in commerce for the purpose of advertising, promoting, and selling OEM Batteries and Foreign Retail Batteries to United States consumers without the consent of Duracell.

107.     Sansar's knowing and willful use of the Duracell® Marks in connection with its unauthorized and misleading advertising, promotion, and sale of OEM Batteries and Foreign

Retail Batteries to United States retail consumers is likely to cause confusion, cause mistake, or deceive because it suggests that the products Sansar is advertising and selling to United States consumers originate from, or are sponsored, authorized, or approved by Duracell to be sold to United States consumers, and that the OEM Batteries and Foreign Retail Batteries sold by Sansar are the same as U.S. Retail Batteries when they are not.

108.    The OEM Batteries sold by Sansar are materially different from U.S. Retail Batteries because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, they do not come in the safe and informational packaging used by Duracell for U.S. Retail Batteries, and because they are labeled with the words "Original Equipment Accessory," "DURACELL® OEM," or "Not for Retail Sale."

109.    The Foreign Retail Batteries sold by Sansar are materially different from U.S. Retail Batteries because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, and their packaging does not include warning labels and contact information for Duracell's United States customer service department or ensure that batteries will be safely shipped to consumers.

110.    Sansar's unlawful actions and unauthorized use of the Duracell® Marks have materially damaged the value of the Duracell® Marks, caused significant damage to Duracell's business relations, and infringed on the Duracell® Marks.

111.    As a proximate result of Sansar's actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

112.    Duracell is also entitled to punitive damages because Sansar has acted with such a conscious and deliberate disregard of the interests of others that its conduct may be called willful or wanton.

**SIXTH CAUSE OF ACTION**
**New York State Trademark Infringement**
**NY CLS Art & Cult Affr § 33.09**

113.    Duracell re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

114.    This claim arises under the laws of the State of New York.

115.    Duracell is the owner of the Duracell® Marks.

116.    Duracell has registered the Duracell® Marks with the United States Patent and Trademark Office.

117.    The Duracell® Marks are valid and subsisting trademarks in full force and effect.

118.    Sansar willfully and knowingly used, and continues to use, the Duracell® Marks in commerce for the purpose of advertising, promoting, and selling OEM Batteries and Foreign Retail Batteries to United States consumers without the consent of Duracell.

119.    Sansar's knowing and willful use of the Duracell® Marks in connection with its unauthorized and misleading advertising, promotion, and sale of OEM Batteries and Foreign Retail Batteries to United States consumers is likely to cause confusion, cause mistake, or deceive because it suggests that the products Sansar is advertising and selling to United States retail consumers originate from, or are sponsored, authorized, or approved by Duracell to be sold to United States consumers, and because it suggests that the OEM Batteries and Foreign Retail Batteries sold by Sansar are the same as U.S. Retail Batteries.

120.    The OEM Batteries and Foreign Retail Batteries sold by Sansar are not, in fact, the same as U.S. Retail Batteries.  The OEM batteries sold by Sansar are materially different from U.S. Retail Batteries because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, they do not come in the safe and informational packaging used by Duracell for U.S. Retail Batteries, and because they are labeled with the words "Original Equipment Accessory," "DURACELL® OEM," or "Not for Retail Sale."

121.    Similarly, the Foreign Retail Batteries sold by Sansar are materially different from U.S. Retail Batteries because they do not have Duracell's Battery Guarantee, they do not have Duracell's standard ten-year retail consumer warranty, and their packaging does not include warning labels and contact information for Duracell's United States customer service department or ensure that batteries will be safely shipped to consumers.

122.    Sansar's unlawful actions and unauthorized use of the Duracell® Marks have materially damaged the value of the Duracell® Marks, caused significant damage to Duracell's business relations, and infringed on the Duracell® Marks.

123.    As a proximate result of Sansar's actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, goodwill, reputation, and profits in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION
### Unfair and Deceptive Business Practices
### NY GEN Bus. L. § 349

124.    Duracell re-alleges and incorporates the allegations set forth in the foregoing paragraphs as if fully set forth herein.

125.    This claim arises under the laws of the State of New York.

126.    Sansar has engaged and is engaging in consumer-oriented conduct which is deceptive or misleading in a material way, constituting unfair and deceptive business practices in violation of § 349 of the NY General Business Law.

127.    Sansar's knowing and willful use of the Duracell® Marks in connection with its unauthorized and illegal advertisement, promotion, and sale of OEM Batteries, Foreign Retail Batteries, and batteries in counterfeit packaging to United States consumers without Duracell's consent infringes on the Duracell® Marks.   The products Sansar represents as U.S. Retail Batteries are not in fact the same as U.S. Retail Batteries.  Sansar's conduct is likely to mislead a sensible consumer acting reasonably under the circumstances.

128.    Sansar's conduct has resulted or is likely to result in consumer injury or harm to the public interest.

129.    As a proximate result of Sansar's actions, Duracell has suffered and will continue to suffer immediate and irreparable harm as well as great damage to its business, good will, reputation, and profits in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Duracell respectfully prays for relief and judgment as follows:

A.    Judgment in favor of Duracell and against Sansar in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.    A preliminary and permanent injunction enjoining Sansar and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any

and all other entities owned or controlled by Sansar, and all of those in active concert and participation with Sansar (the "Enjoined Parties") as follows:

i)    Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Duracell OEM Batteries and Foreign Retail Batteries;

ii)    Prohibiting the Enjoined Parties from using any of the Duracell® Marks in any manner, including advertising on the Internet;

iii)    Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Duracell products as well as any products bearing any of the Duracell® Marks;

iv)    Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Duracell® Marks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Sansar has sold bearing these trademarks;

v)    Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of Duracell's products, or any of the Duracell® Marks;

vi)    Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the Duracell® Marks which associate Duracell's products or the Duracell® Marks with the Enjoined Parties or websites used by the Enjoined Parties;

vii)    Requiring the Enjoined Parties to take all action to remove unauthorized Duracell® Marks from the Internet;

C.    An award of attorneys' fees, costs, and expenses.

D.    Such other and further relief as the Court deems just, equitable and proper.

Dated:  October 16, 2018

Respectfully submitted,

By:  /s/ Peter Raymond
Peter D. Raymond
Jeremy A. Berman
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
praymond@reedsmith.com
jberman@reedsmith.com


Robert N. Phillips (*pro hac vice* to be filed)
REED SMITH LLP
101 Second Street – Suite 1800
San Francisco, CA 94105
Tel: (415) 543-8700
Fax: (415) 391-8269
RobPhillips@reedsmith.com

**Attorneys for Plaintiff Duracell U.S. Operations, Inc.**

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Duracell demands a trial by jury on all issues so triable.

 /s/ Peter Raymond_____
Peter D. Raymond
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel: (212) 521-5400
Fax: (212) 521-5450
praymond@reedsmith.com